UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00481-RSE

**TIFFANY HILL**  **PLAINTIFF**

**VS.**

**FRANK BISIGNANO,**
*Commissioner of Social Security*  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

The matter is before the Court on a Motion for Attorney's Fees pursuant to Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b) filed by counsel for Claimant Tiffany Hill. (DN 27). Defendant, the Commissioner of Social Security (the "Commissioner"), filed a response. (DN 28). The time for Claimant's counsel to reply has expired. At the Court's request, Claimant's Counsel supplemented her Motion with information regarding her experience and background. (DN 29; DN 30). The Parties having consented to the undersigned United States Magistrate Judge's jurisdiction pursuant to 28 U.S.C. § 636(c), (DN 9), this matter is ripe for review.

### I. Background

The Court previously entered judgment in favor of Claimant and remanded the matter to the Defendant Commissioner of Social Security for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (DN 22). Upon the Parties' agreement, the Court awarded Claimant $9,970.00 in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").[1] (DN 26). On remand, Claimant was found to be disabled and was awarded $94,658.00

---

[1] Claimant's Counsel's Motion explains that this Court awarded Claimant $5,480.00 in EAJA fees on November 13, 2024 (DN 26) and awarded Claimant $4,490.00 in an earlier case, No. 3:21-cv-00226-DJH-CHL (DN 30) on December 2, 2022 (*see* DN 27-1, at ¶ 2).

in past-due benefits. (DN 27-3). The Social Security Administration withheld a total of $23,664.50 from those benefits for the payment of legal fees. (*Id.*, at PageID # 2832-33).

Now, Claimant's counsel moves pursuant to 42 U.S.C. § 406(b) for an award of attorney fees in the amount of $14,464.50. (DN 27-7). Counsel indicates this amount would be offset by the prior EAJA fee award and that "upon receipt of payment, plaintiff's counsel shall refund the EAJA fee received in this matter to Plaintiff." (DN 27-7). The Commissioner "neither supports nor opposes" Claimant's counsel's request and recognizes that it is within the Court's province to determine whether the request is reasonable under the law. (DN 28).

## II. Legal Standard

42 U.S.C. § 406(b)(1)(A) allows a court that rendered a judgment favorable to a social security claimant under 42 U.S.C. §§ 401-434 to award as part of its judgment "a reasonable fee" to that claimant's counsel "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). "[T]he statute's allowance of 'a reasonable fee' permits contingency fees, but 'calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.'" *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (quoting in part *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). A contingency fee agreement that complies with § 406(b)'s 25% cap is accorded a rebuttable presumption of reasonableness. *Id.* (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1991), and *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)).

Despite this presumption, a court may appropriately make deductions, though those "[d]eductions generally should fall into two categories: 1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall

because of either an inordinately large benefit award or from minimal effort expended." *Tucker v. Comm'r of Soc. Sec.*, 136 F.4th 639, 643 (6th Cir. 2025) (quoting *Rodriquez*, 865 F.2d at 746). This District has distilled a four-step approach to § 406(b) requests:

> First, the court should acknowledge the contingency fee arrangement and Section 406(b)'s 25% ceiling on attorneys' fees. Second, the court should consider "the effective hourly rate 'as one relevant factor in determining the reasonableness' of the contingency fee." The hypothetical hourly rate is calculated by dividing the contingency fee amount (generally 25% of the past-due benefits award) by the number of hours reportedly worked. Third, the court may consider other factors, such as "counsel's delay in filing the § 406(b) motion, the Commissioner's opposition to the fee, and the 'brevity' and 'relative simplicity' of the representation." Fourth, the court must then, in its discretion, determine if counsel carried its burden of demonstrating the contingency fee was reasonable.

*Lewis v. Kijakazi*, No. 1:19-CV-00183-GNS-LLK, 2023 WL 395793, at *2 (W.D. Ky. Jan. 25, 2023) (quoting *Candelaria v. Comm'r of Soc. Sec.*, No. 5:17-CV-00016-GNS-LLK, 2020 WL 4728773, at *5 (W.D. Ky. Aug. 14, 2020)).

While the relevant standard rate is the EAJA rate for the Western District of Kentucky, which is statutorily capped at $125.00 per hour,[2] this District has authorized fees up to $635.00 per hour for experienced counsel, *see Cynthia Louise W. v. Comm'r of Soc. Sec.*, No. 3:23-cv-552-DJH-RSE, 2025 WL 3125510, at *2 (W.D. Ky. Apr. 15, 2025) (citing *Philpot v. Comm'r of Soc. Sec.*, No. 3:15-CV-554-CHB, 2021 WL 2109225, at *5-6 (W.D. Ky. May 25, 2021)).

### III. Analysis

Here, Claimant's counsel requested a total fee of $14,464.50, which is less than the 25% ceiling on attorney's fees and authorized by Claimant's fee agreement.[3] (DN 27-2). Thus, a "rebuttable presumption of reasonableness" applies to the requested fee. *Lasley*, 771 F.3d at 309.

---

[2] The EAJA caps the rate at $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).
[3] 25% of Claimant's past-due benefits is $23,664.50. (DN 27-1).

Claimant's counsel submitted documentation supporting that counsel worked 64.9 hours and counsel's paralegals worked 14.1 hours. (DN 27-4; DN 27-5; DN 27-6). Counsel requests paralegal time be considered compensated at $100.00 per hour, making the attorneys' effective hourly rate $201.15. (DN 27-1).

Two main attorneys worked on Claimant's case: Melissa Palmer and Julie Atkins. Melissa Palmer has been practicing law since 2012 and has "focused her practice solely on social security law," joining the Olinsky Law Group in 2017, where she now works as a partner. (DN 30, at PageID # 2860). Julie Atkins has been practicing social security law since 1988. (*Id.* at PageID # 2859). She previously worked for the Office of Hearings and Appeals, as both an attorney advisor and supervisory staff attorney, before establishing her own law firm focusing on disability law. She eventually joined the Olinsky law group in 2021, drafting federal court briefs for disability cases across the country. (DN 30).

Courts have awarded similar rates for experienced counsel. *Cynthia Louise W*, 2025 WL 3125510, at *2 (citing *Philpot,* 2021 WL 2109225, at *5-6). Also relevant, there was no delay in filing the present motion, the issues involved in the representation were relatively complex, and the Commissioner mounted no opposition to the requested fee. These considerations, as well as the "rebuttable presumption of reasonableness to contingency-fee agreements that comply with § 406(b)'s 25-percent cap," *Lasley*, 771 F.3d at 309, lead the Court to find the requested fee is reasonable.

## IV. Order

For the above stated reasons, **IT IS HEREBY ORDERED** that Claimant's Counsel's Motion for Attorney Fees pursuant to Social Security Act § 206(b)(1) and 42 U.S.C. § 406(b)(1) (DN 27) is **GRANTED**. Claimant's attorneys are to be paid a total of $14,464.50 pursuant to 42

5

U.S.C. § 406(b). The Commissioner shall pay Claimant's attorneys from Claimant's past-due benefits being withheld for payment of attorney's fees.

Upon receipt of payment from the Commissioner, Claimant's attorneys are ordered to remit the EAJA fees of $9,970.00 to Claimant.

Copies:      Counsel of Record